IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND CENAKA WOODEN, | : | CIVIL ACTION |
| | : | NO. 19-1054 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              December 15, 2022

**I. INTRODUCTION**

Plaintiff Raymond Wooden, proceeding pro se,[1] brings this civil rights action arising from his September 13, 2012, arrest and subsequent prosecution against the City of Philadelphia and Philadelphia Police Officer John Mouzon (collectively, "Defendants").[2] Plaintiff brings two counts-- "Malicious Prosecution/ False Arrest/ Wrongful Imprisonment/ Illegal Search and Seizure" in Count I and "Monell" in Count II. See Notice of Removal 29-30, ECF No. 1.

---

[1] Plaintiff was represented by counsel from the start of the case in March 2019 until December 2021, when the Court granted his counsel's motion to withdraw. See Order on Mot. to Withdraw, ECF No. 44.

[2] Plaintiff previously voluntarily dismissed all other defendants. See Notice of Voluntary Dismissal, ECF No. 3.

Defendants originally moved for summary judgment on all counts. See Defs.' Mot. for Summ. J., ECF No. 60 [hereinafter, "Defs.' Mot."]. However, Defendants later withdrew their motion for summary judgment as to Plaintiff's malicious prosecution claim. See Defs.' Reply in Partial Supp. of Mot. for Summ. J. 1-2, ECF No. 73 [hereinafter "Defs. Reply"]; see also Pl.'s Reply to Defs.' Reply Brief 5, ECF No. 74. In response to Defendants' motion for summary judgment, Plaintiff "d[id] not object to the dismissal of all other claims by the Defendants . . . for wrongful/ false imprisonment." See Pl.'s Resp. in Opp'n to Defs.' Mot. for Summ. J. 49, ECF No. 70 [hereinafter "Pl.'s Resp."]. Because Defendants have withdrawn the motion in part, and the parties are in agreement in part, summary judgment will be denied as moot as to the malicious prosecution claim and granted as to the wrongful/false imprisonment claim. Thus, left to be addressed is the Monell claim Plaintiff brings in Count II. As set forth below, Defendants' motion will be granted as to Count II.

## II. BACKGROUND[3]

Plaintiff was arrested on September 13, 2012. Officer Mouzon stated that he relied on a confidential informant as part

---

[3] As required at the summary judgment stage, the Court views the facts "in the light most favorable" to the nonmoving party

of his investigation.[4] The confidential informant was provided prerecorded buy money and made several narcotics purchases from 3041 North 15th Street, Philadelphia, Pennsylvania-- two on September 12, 2012 and one on September 13, 2012. The purchases returned from the confidential informant tested positive for cocaine base. Officer Mouzon testified that he personally observed the confidential informant entering the property and Plaintiff appearing at the door during the second transaction, but that he did not observe any other transactions.

On September 13, 2012, Officer Mouzon and other officers obtained and executed a search warrant for the property, and Plaintiff was present when the warrant was executed. Neither Officer Mouzon nor the other officers present had any camera or video equipment during the search.[5] The officers documented their recovery from Plaintiff, including $1,483, which was partially

---

and draws "all reasonable inferences" in that party's favor. Young v. Martin, 801 F.3d 172, 174 n.2 (3d Cir. 2015).

[4] Plaintiff denies this fact because "officer Mouzons [sic] information is untrustworthy (and unreliable, and plaintiff is in need of additional information to form a belief to this fact]. [sic]" Accordingly, Plaintiff seeks the confidential informant file, which is discussed below.

[5] The Philadelphia Police Department (PPD) began piloting body-worn cameras in December 2014, and thus, did not have body-worn cameras at the time of Plaintiff's arrest in 2012. In any event, PPD does not utilize cameras or video equipment for undercover narcotics surveillance.

comprised of the pre-recorded buy money, 32 vials containing narcotics, keys to the property, and a firearm.[6] Afterwards, the officers referred Plaintiff's case to the District Attorney's office, who charged Plaintiff with possession of narcotics, possession with intent to deliver, and firearm violations.

Plaintiff initiated this lawsuit in the Philadelphia Court of Common Pleas. Defendants removed the case to this Court. Defendants now seek summary judgment on Plaintiff's Monell claim. Plaintiff opposes it and seeks further discovery. The motion is fully briefed and ripe for disposition.

### III. LEGAL STANDARD

Summary judgment is appropriate if no genuine dispute as to any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986)). A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation, and a dispute is

---

[6] Plaintiff contends that the items recovered were inside the property and not on Plaintiff's person.

4

"genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

The Court views the facts in the light most favorable to the nonmoving party. Am. Eagle Outfitters, 584 F.3d at 581. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the nonmoving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e) (1963)).

**IV. DISCUSSION**

1. **Wrongful Imprisonment Claim**

Claims brought under § 1983 are subject to state statutes of limitations governing personal injury actions. Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003) (citing Owens v. Okure, 488 U.S. 235, 249-50 (1989)). Actions for false imprisonment, false arrest, malicious prosecution, and illegal

5

search are subject to a two-year statute of limitations in Pennsylvania. 42 Pa. Cons. Stat. Ann. § 5524(1), (7); see also Garvin, 354 F.3d at 220. Defendants aver that the statute bars Plaintiff's wrongful imprisonment claim because Plaintiff initiated this action more than seven years after Officer Mouzon seized him. Plaintiff "does not object" to the Court granting summary judgment on this claim. See Pl.'s Resp. 49, ECF No. 70. Thus, Defendant's motion will be granted as to the "wrongful imprisonment" claim in Count I.

2. **False Imprisonment Claim**

False imprisonment claims brought under § 1983 cannot proceed to trial if probable cause exists for an arrest. See Wilson v. Russo, 212 F.3d 781, 786 (3d Cir. 2000). "Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." United States v. Myers, 308 F.3d 251, 255 (3d Cir. 2002). Defendant avers that Plaintiff cannot allege the absence of probable cause, and thus cannot prove his false imprisonment claim. Plaintiff "does not object" to the Court granting summary judgment on this claim. See Pl.'s Resp. 49, ECF No. 70. Thus, Defendant's motion will be granted as to the "false imprisonment" claim in Count I.

6

### 3. **Malicious Prosecution Claim**

A plaintiff bringing a malicious prosecution case under § 1983 is entitled to relief only if they are "innocent of the crime charged in the underlying prosecution." Hector v. Watt, 235 F.3d 154, 156 (3d Cir. 2000). In Pennsylvania, a person who delivers, or possesses with the intent to deliver, a Schedule I or Schedule II controlled substance is guilty of a felony, and crack cocaine is a Schedule II controlled substance. 35 Pa. Stat. and Cons. Stat. Ann. §§ 780-113(a)(30), (f); 780-104(2)(i)(4). Defendants moved for summary judgment on the malicious prosecution claim in their motion, but then withdrew the motion as to that claim.[7] See Defs.' Reply 1-2, ECF No. 73. Plaintiff does not object to Defendants' withdrawal of the motion for summary judgment. See Pl.'s Reply to Defs.' Reply Brief 5, ECF No. 74. Therefore, the Court will deny the motion for summary judgment as moot on the malicious prosecution claim in Count I.

---

[7] Plaintiff made statements in a January 7, 2022 status call that evidenced that (1) he sold drugs, and (2) drugs were recovered, which Defendants averred established probable cause to defeat prosecution in its motion for summary judgment. Upon further review, Defendants withdrew the claim because they are "unaware of caselaw permitting the Court to disregard the nonmovant's prior inconsistent deposition testimony for summary judgment purposes." See Defs.' Reply 1-2, ECF No. 73.

### 4. *Monell* Claim

To succeed on a § 1983 claim against Defendants,[8] Plaintiff must allege that (1) a constitutionally protected right was violated and (2) the alleged violation resulted from a municipal policy or custom that exhibits deliberate indifference to the rights of citizens. Monell v. Dep't Soc. Servs. of City of New York, 436 U.S. 658, 694-95 (1978). The city cannot be held liable under § 1983 on a theory of respondeat superior. Id. at 691.

There are two general ways that a plaintiff can be successful in bringing a § 1983 claim against a city: (1) pointing to an unconstitutional policy or custom which caused his injuries, or, (2) showing that his injuries "were caused by a failure or inadequacy by the municipality that 'reflects a deliberate or conscious choice.'" Forrest v. Parry, 930 F.3d 93, 105 (3d Cir. 2019) (quoting Estate of Roman v. City of Newark, 914 F.3d 789, 798 (3d Cir. 2019)). A policy is present when a decisionmaker with final authority "issues an official proclamation, policy, or edict"; a custom is shown when practices are "so permanent and well-settled as to virtually

---

[8] Defendant John Mouzon moved the Court for summary judgment as to Count II of Plaintiff's Complaint "out of an abundance" of caution to the extent that it purports to raise a claim of municipal liability against him individually. See Defs.' Mot. 1, ECF No. 60.

8

constitute law." Mulholland v. Cnty. of Berks, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotation marks omitted).

Municipal liability only attaches when "execution of [the] policy or custom . . . inflicts the injury." Monell, 436 U.S. at 694; see also Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986) ("The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible."). When bringing a custom or policy claim, a plaintiff must "identify the challenged policy, attribute it to the city itself, and show a causal link between the execution of the policy and the injury suffered." Losch v. Borough of Parkesburg, Pennsylvania, 736 F.2d 903, 910 (3d Cir. 1984); Forrest, 930 F.3d at 105. The causal link must be so direct as to establish that the allegedly deficient policy or custom was the moving force behind the plaintiff's alleged injury. Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 407-08 (1997).

To the extent that Plaintiff relies on PPD's practice of not equipping undercover narcotics officers with cameras or recording surveillance equipment to establish a Monell claim, summary judgment is warranted. Courts that have addressed the issue have universally rejected the theory that a failure to provide or conduct recording of certain law enforcement

9

activities satisfies the constitutional violation, deliberate indifference, or causation requirements of Monell. See, e.g., Elder-Keep v. Aksamit, 460 F.3d 979, 987 (8th Cir. 2006) ("[T]he videotape would only show the events leading up to the alleged [violation]. The videotape itself could not have prevented or caused the [violation]."); Graham v. Rowe, No. 19-6757, 2019 WL 3059801, at *4 (D.N.J. July 10, 2019) ("There is no constitutional right to be free from an arrest that was not recorded by a camera."); Sidbury v. City of New York, No. 15-4761, 2020 WL 2615926, at *5 (E.D.N.Y. May 21, 2020) (granting summary judgment on Monell claim where there was "no evidence to support any causal connection between the lack of video recording . . . and his alleged injury"); Baldwin v. Colley, No. 15-2762, 2015 WL 5836923, at *4 (N.D. Cal. Oct. 7, 2015) ( "Plaintiffs have not cited any authority that squarely supports their position . . . that the City's non-use of body cameras provides a basis for Monell liability."); Gabaldon v. Bernalillo Cnty. Sheriff's Off., No. 17-267, 2019 WL 1307874, at *4 (D.N.M. Mar. 22, 2019) (adopting recommendation of no causal link between policy against body cameras and excessive force claims); Wright v. Covarrubias, No. 19-4227, 2020 WL 2133002, at *7 (C.D. Cal. Mar. 23, 2020) (recommending dismissing Monell claims where "Plaintiff insist[ed] that the County's failure to require body camera equipment violate[d] Plaintiff and other victim's

10

constitutional rights"), adopted by 2020 WL 2128645 (C.D. Cal. May 4, 2020); Heyward v. Bart Police Dept., No. 15-4503, 2016 WL 730282, at *7 (N.D. Cal. Feb. 24, 2016) ("While it might be better practice and improve safety to have cameras that operate, the court cannot conclude that BART's alleged failure to have operating cameras is a constitutional violation."). The Court does so here as well.[9]

Additionally, Plaintiff relies on a history of lawsuits against Officer Mouzon where liability against Officer Mouzon was not established. This allegation is not sufficient to support a Monell claim. Evidence of prior lawsuits "'without more, indicates nothing,' as 'people may file a complaint for many reasons, or for no reason at all,' and evidence that 'they filed complaints does not indicate that the policies that [plaintiff] alleges exist do in fact exist.'" Pharaoh v. Dewees, No. 14-3116, 2016 WL 2593842, at *5 (E.D. Pa. May 4, 2016) (quoting Strauss v. City of Chicago, 760 F.2d 765, 769 (7th Cir. 1985)). In the same vein, settled lawsuits are not probative of custom because there is no finding of liability. See id.;

---

[9] Even if required, the facts of this case bear out the absence of a causal connection between the lack of recording equipment and the alleged constitutional violation. Plaintiff engaged in three narcotics sales to a confidential informant. These transactions occurred outside of Officer Mouzon's line of sight, and the only thing that might have been captured supporting probable cause on his video is a brief observation of Plaintiff.

11

Williams v. Velez, No. 16-1593, 2017 WL 2002015, at *6 (E.D. Pa. May 12, 2017). Plaintiff points to Officer Mouzon's deposition to identify civil rights lawsuits against him in support of his Monell claim. From the record, the lawsuits against Officer Mouzon from prior to Plaintiff's arrest appear to have settled or been dismissed at the summary judgment stage. See Hill v. City of Philadelphia, No. 12-2360 (E.D. Pa., filed April 30, 2012) (settled); Dawson v. Dodd, No. 99-cv-2644 (E.D. Pa., filed April 21, 1999) (settled and case closed on August 11, 1999, motion for summary judgment filed on October 30, 2001 and stricken on May 20, 2002); McCurdy v. Dodd, Docket No. 99-cv-5742 (E.D. Pa., filed November 18, 1999) (summary judgment granted in favor of defendants, including Defendant Mouzon, and affirmed by Third Circuit). Neither have the three post-hoc lawsuits established liability against Officer Mouzon. See Arnold v. City of Philadelphia, No. 16-4103 (E.D. Pa., filed July 26, 2019) (voluntarily withdrawn prior to trial); Randall v. City of Philadelphia, No. 18-1541 (E.D. Pa., filed April 11, 2018) (dismissed at the pleading stage); Tinsley v. Mouzon, No. 20-1060 (E.D. Pa., filed February 25, 2020) (still active). Because no liability has been established against Officer Mouzon, this factor cannot give rise to Monell liability.

Finally, to the extent Plaintiff relies on allegations concerning other officers (or the indictment of other narcotics

12

officers) unrelated to this case to establish a Monell claim, summary judgment is warranted. The pending lawsuit cited by Plaintiff as to other officers suffers from the same infirmity discussed above because no liability has been established in that case. See McIntyre v. Liciardello, No. 13-2773 (E.D. Pa., filed May 20, 2013) (still active). Therefore, summary judgment is warranted on the Monell claim.

## V. ADDITIONAL DISCOVERY

The Court's January 7, 2022 Order instructed Plaintiff to "notify the Court of any additional discovery he would have needed, if any, to adequately respond to Defendants' motion." See Jan. 7, 2022 Order, ECF No. 53. Accordingly, Plaintiff identified the following categories which he seeks further discovery: a complaint with internal affairs concerning this incident, the identity and documentation concerning the confidential informant involved in his investigation and an unrelated 2016 investigation, and Monell discovery concerning litigation material arising from a lawsuit against narcotics officers who were also indicted for investigation activities.

Pursuant to Rule 56(d), to seek additional discovery before filing a response to a motion for summary judgment, a nonmovant must show by declaration or affidavit that "it cannot present facts essential to justify its opposition." Fed. R. Civ. P.

13

56(d). Plaintiff submitted no such declaration or affidavit pursuant to Rule 56. Additional time to gather affidavits or discovery at the summary judgment stage requires a party to "affirmatively demonstrate[], with specificity, diligent efforts [to have previously obtained discovery] on his or her part and unusual circumstances which have frustrated those efforts." Banks v. City of Philadelphia, 309 F.R.D. 287, 292 (E.D. Pa. 2015) (quoting Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir. 1986)). Plaintiff has failed to show any, much less due, diligence here. Even if he could, the additional discovery requested need not be disclosed in this case.

As to the identity and documentation concerning the confidential informant involved in Plaintiff's investigation, Defendants argue that this evidence is subject to privilege because the disclosure of a confidential informant's identity undermines the policy of encouraging future cooperation with law enforcement and the safety of those cooperating. See Mitchell v. Roma, 265 F.2d 633, 635 (3d Cir. 1959). The privilege is intended to promote cooperation with the police by ensuring that a confidential informant's identity will not be disclosed except where the disclosure is "relevant and helpful to the defense" or "essential to a fair determination of a cause." See Roviaro v. United States, 353 U.S. 53, 60-61 (1957). Plaintiff fails to show that, given the availability of other witnesses present at

14

the scene, the identity of the confidential informant is necessary.[10] Under the circumstances, therefore, the identity of the confidential informant will not be disclosed.

With respect to the additional discovery Plaintiff seeks on the Monell claim, including the litigation material from a lawsuit against other narcotics officers who were also indicted for investigation activities, additional discovery is not warranted. As discussed above, this evidence is irrelevant to this case because no liability has been established against either Officer Mouzon or other officers in an unrelated case.

Finally, Defendants have agreed to produce any internal affairs material concerning Plaintiff's arrest that was not previously produced in discovery to the extent that it exists. These materials shall be produced within 30 days.

## VI. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment will be granted in part and denied in part. The motion will be granted as to Plaintiff's wrongful and false imprisonment claims and Monell claim. The motion will be denied as to Plaintiff's malicious prosecution claim.

---

[10] Even if the informant is no longer working with the local police and has moved away from the area, as Plaintiff alleges, under the policy in Roviaro, the disclosure of the confidential informant in this case would tend to deter other potential cooperators from doing so in the future.

An appropriate order follows.